EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (Cal. SBN: 162684)
Assistant United States Attorneys
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2433
    Facsimile: (213) 894-0142
    Email:   Mark.Childs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JOSE LUIS LOPEZ,<br><br>       Defendant. | Case CR No. ED 16-017-JGB<br><br>PLEA AGREEMENT FOR DEFENDANT JOSE LUIS LOPEZ |

1.   This constitutes the plea agreement between JOSE LUIS
LOPEZ ("defendant") and the United States Attorney's Office for the
Central District of California ("the USAO") in the above-captioned
case.  This agreement is limited to the USAO and cannot bind any
other federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

1

1          a)    At the earliest opportunity requested by the USAO and

2  provided by the Court, appear and plead guilty to the sole count of

3  the indictment in <u>United States v. Jose Luis Lopez</u>, Case No. CR ED

4  16-017-JGB.

5          b)    Not contest facts agreed to in this agreement.

6          c)    Abide by all agreements regarding sentencing

7  contained in this agreement.

8          d)    Appear for all court appearances, surrender as

9  ordered for service of sentence, obey all conditions of any bond,

10  and obey any other ongoing court order in this matter.

11          e)    Not commit any crime; however, offenses that would be

12  excluded for sentencing purposes under United States Sentencing

13  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are

14  not within the scope of this agreement.

15          f)    Be truthful at all times with Pretrial Services, the

16  United States Probation Office, and the Court.

17          g)    Pay the applicable special assessment at or before

18  the time of sentencing unless defendant lacks the ability to pay and

19  prior to sentencing submits a completed financial statement on a

20  form to be provided by the USAO.

21          h)    Not bring a post-conviction collateral attack on the

22  conviction or sentence in this case.

23          i)    Not move to withdraw defendant's guilty plea in this

24  case.

25                    THE USAO'S OBLIGATIONS

26    3.    The USAO agrees to:

27          a)    Not contest facts agreed to in this agreement.

28

b)     Abide by all agreements regarding sentencing contained in this agreement.

c)     At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant, if any. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d)     At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

### NATURE OF THE OFFENSE

4.     Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, possession with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), the following must be true:

(1)     Defendant knowingly possessed marijuana; and

(2)     Defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was marijuana. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

3

1   To "possess with intent to distribute" means to possess with
2   intent to deliver or transfer possession of the marijuana to another
3   person, with or without any financial interest in the transaction.

4       Under Title 18, United States Code, Section 2(a), "a defendant
5   who aids, abets, counsels, commands, induces or procures the
6   commission of an offense against the United States, is punishable as
7   a principal."

8       A defendant may be found to have committed possession with
9   intent to distribute marijuana, even if the defendant personally did
10  not commit the act or acts constituting the crime but aided and
11  abetted in its commission.  The following are the elements for
12  aiding and abetting:

13          a)   The crime of possession with intent to distribute
14  marijuana was committed by someone;

15          b)   Defendant knowing and intentionally aided, counseled,
16  commanded, induced or procured that person to commit each element of
17  possession with intent to distribute marijuana; and

18          c)   Defendant acted before the crime was completed.

19      It is not enough that the defendant merely associated with the
20  person committing the crime, or unknowingly or unintentionally did
21  things that were helpful to that person, or was present at the scene
22  of the crime.  The evidence must show beyond a reasonable doubt that
23  the defendant acted with the knowledge and intent to help that
24  person commit possession with intent to distribute marijuana.

25      The government is not required to prove precisely which
26  defendant actually committed the crime and which defendant aided and
27  abetted.

28

4

PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), as charged in the sole count of the Indictment, is: 20 years imprisonment; a lifetime period of supervised release; a fine of $1,000,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), and 841(b)(1)(C), is: a three-year period of supervised release, and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this

5

1    case may also subject defendant to various other collateral
2    consequences, including but not limited to revocation of probation,
3    parole, or supervised release in another case and suspension or
4    revocation of a professional license.  Defendant understands that
5    unanticipated collateral consequences will not serve as grounds to
6    withdraw defendant's guilty plea.

7         9.   Defendant understands that under 21 U.S.C. § 862a,
8    defendant will not be eligible for assistance under state programs
9    funded under the Social Security Act or Federal Food Stamp Act or
10   for federal food stamp program benefits, and that any such benefits
11   or assistance received by defendant's family members will be reduced
12   to reflect defendant's ineligibility.

13        10.  Defendant understands that, if defendant is not a United
14   States citizen, the felony conviction in this case may subject
15   defendant to: removal, also known as deportation, which may, under
16   some circumstances, be mandatory; denial of citizenship; and denial
17   of admission to the United States in the future.  The court cannot,
18   and defendant's attorney also may not be able to, advise defendant
19   fully regarding the immigration consequences of the felony
20   conviction in this case.  Defendant understands that unexpected
21   immigration consequences will not serve as grounds to withdraw
22   defendant's guilty plea.

23                            FACTUAL BASIS

24        11.  Defendant admits that defendant is, in fact, guilty of the
25   offense to which defendant is agreeing to plead guilty.  Defendant
26   and the USAO agree to the statement of facts provided below and
27   agree that this statement of facts is sufficient to support a plea
28   of guilty to the charge described in this agreement and to establish

                                  6

1  the Sentencing Guidelines factors set forth in paragraph 13 below
2  but is not meant to be a complete recitation of all facts relevant
3  to the underlying criminal conduct or all facts known to either
4  party that relate to that conduct.

5       On or about February 4, 2016, in Riverside County, within the
6  Central District of California, defendant Jose Luis Lopez, also
7  known as "Caparatas", knowingly and intentionally aided in others in
8  possession with intent to distribute 616 kilograms of marijuana, a
9  Schedule I controlled substance.  For example, on February 4, 2016,
10 in Riverside, California, defendant cleaned the back of a pick-up
11 truck for the intended purpose of preparing that truck to be loaded
12 with marijuana and to transport marijuana to others.  Defendant
13 agrees that his offense conduct involved 616 kilograms of marijuana
14 and occurred before the crime of possession with intent to
15 distribute was completed.

16                          SENTENCING FACTORS

17      12.  Defendant understands that in determining defendant's
18 sentence the Court is required to calculate the applicable
19 Sentencing Guidelines range and to consider that range, possible
20 departures under the Sentencing Guidelines, and the other sentencing
21 factors set forth in 18 U.S.C. § 3553(a).  Defendant understands
22 that the Sentencing Guidelines are advisory only, that defendant
23 cannot have any expectation of receiving a sentence within the
24 calculated Sentencing Guidelines range, and that after considering
25 the Sentencing Guidelines and the other § 3553(a) factors, the Court
26 will be free to exercise its discretion to impose any sentence it
27 finds appropriate up to the maximum set by statute for the crime of
28 conviction. Defendant understands that defendant waives and gives up

                                    7

any right to argue at sentencing, on appeal or on collateral review
about the applicability of the base offense level in the below
paragraph, even if this base offense level is subsequently modified
or changed by the U.S.S.G. or by federal statute or regulation.
Defendant agrees that facts support the Sentencing Guidelines
factor(s) below.

13.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factor(s):

Base Offense Level:  26   [U.S.S.G. §§ 2D1.1(c)(7)]

Mitigating Role:        -3 [U.S.S.G. § 3B1.2]

Acceptance:             -3 [U.S.S.G. § 3E1.1][1]

Defendant and the USAO agree not to seek, argue, or suggest in
any way, either orally or in writing, that any other specific
offense characteristics, adjustments, or departures relating to the
offense level be imposed, except for an adjustment based on U.S.S.G.
§§ 2D1.1(b)(17) and 5C1.2 (safety valve).  Defendant agrees,
however, that if, after signing this agreement but prior to
sentencing, defendant were to commit an act, or the USAO were to
discover a previously undiscovered act committed by defendant prior
to signing this agreement, which act, in the judgment of the USAO,
constituted obstruction of justice within the meaning of U.S.S.G. §
3C1.1, the USAO would be free to seek the enhancement set forth in

---

[1] At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level
reduction in the applicable Sentencing Guidelines offense level,
pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move
for an additional one-level reduction if available under that
section.

that section.  Defendant also understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.  The finding by the Court that defendant qualifies as a career offender under U.S.S.G. §§ 4B1.1 or 4B1.2 will not serve as a basis for defendant to withdraw defendant's guilty plea.

14.  Defendant and the government reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a)  The right to persist in a plea of not guilty.

b)  The right to a speedy and public trial by jury.

c)  The right to be represented by counsel – and if necessary have the court appoint counsel – at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d)  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1         e)    The right to confront and cross-examine witnesses
2 against defendant.

3         f)    The right to testify and to present evidence in
4 opposition to the charges, including the right to compel the
5 attendance of witnesses to testify.

6         g)    The right not to be compelled to testify, and, if
7 defendant chose not to testify or present evidence, to have that
8 choice not be used against defendant.

9         h)    Any and all rights to pursue any affirmative
10 defenses, Fourth Amendment or Fifth Amendment claims, and other
11 pretrial motions that have been filed or could be filed.

12 WAIVER OF APPEAL OF CONVICTION

13     17.  Defendant understands that by pleading guilty defendant is
14 waiving and giving up any right to appeal defendant's conviction on
15 the offense to which defendant is pleading guilty.

16 WAIVER OF APPEAL OF SENTENCE

17     18.  To that end, in addition to giving up his right to appeal
18 defendant's conviction, defendant gives up and waives any right to
19 appeal all of the following: (a) the procedures and calculations
20 used to determine and impose any portion of the sentence; (b) the
21 term of imprisonment imposed by the Court, provided it is within the
22 statutory maximum; (c) the fine imposed by the Court, provided it is
23 within the statutory maximum; (d) the term of probation or
24 supervised release imposed by the Court, provided it is within the
25 statutory maximum; and (e) all conditions of probation or supervised
26 release imposed by the Court, including, but not limited to, the
27 conditions set forth in General Orders 318, 01-05, and/or 05-02 of
28 this Court, the drug testing conditions mandated by 18 U.S.C. §§

10

1  3563(a)(5) and 3583(d), and the alcohol and drug use conditions
2  authorized by 18 U.S.C. § 3563(b)(7).

3      19.   Defendant also gives up any right to bring a post-
4  conviction collateral attack on the conviction or sentence, except a
5  post-conviction collateral attack based on a claim of ineffective
6  assistance of counsel.  For instance, defendant gives up any right
7  to bring a post-conviction collateral attack based on an explicitly
8  retroactive change in the applicable Sentencing Guidelines,
9  sentencing statutes, or statute of conviction.

10     20.   The USAO gives up its right to appeal any sentence imposed
11  by the Court and the manner in which the sentence is determined,
12  provided that the sentence is at or above the statutory minimum and
13  at or below the statutory maximum specified above.

14                RESULT OF WITHDRAWAL OF GUILTY PLEA

15     21.   Defendant agrees that if, after entering a guilty plea
16  pursuant to this agreement, defendant seeks to withdraw and succeeds
17  in withdrawing defendant's guilty plea on any basis (including, as a
18  result of a successful appeal or a successful post-conviction
19  collateral attack), then (a) the USAO will be relieved of all of its
20  obligations under this agreement; and (b) should the USAO choose to
21  pursue any charge or any allegation of a prior conviction for a
22  felony drug offense that was either dismissed or not filed as a
23  result of this agreement, then (i) any applicable statute of
24  limitations will be tolled between the date of defendant's signing
25  of this agreement and the filing commencing any such action; and
26  (ii) defendant waives and gives up all defenses based on the statute
27  of limitations, any claim of pre-indictment delay, or any speedy
28  trial claim with respect to any such action, except to the extent

11

that such defenses existed as of the date of defendant's signing
this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.   Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will be
released from all their obligations under this agreement, except
defendant is still bound by the obligations in paragraphs 21, 24 and
25.

### EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution
of all required certifications by defendant, defendant's counsel,
and an Assistant United States Attorney.

### BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any
of defendant's obligations under this agreement ("a breach"), the
USAO may declare this agreement breached.   All of defendant's
obligations are material, a single breach of this agreement is
sufficient for the USAO to declare a breach, and defendant shall not
be deemed to have cured a breach without the express agreement of
the USAO in writing.   For instance, if defendant fails to plead
guilty as required by this agreement or fails to be sentenced
pursuant to such guilty plea, defendant will have breached the plea
agreement.   If the USAO declares this agreement breached, and the
Court finds such a breach to have occurred, then: (a) if defendant
has previously entered a guilty plea pursuant to this agreement,

1  defendant will not be able to withdraw the guilty plea, and (b) the
2  USAO will be relieved of all its obligations under this agreement.

3  25.  Following the Court's finding of a knowing breach of this
4  agreement by defendant, should the USAO choose to pursue any charge
5  in the indictment, or any charge or any allegation of a prior
6  conviction for a felony drug offense that was either dismissed or
7  not filed as a result of this agreement, then:

8  a)  Defendant agrees that any applicable statute of
9  limitations is tolled between the date of defendant's signing of
10  this agreement and the filing commencing any such action.

11  b)  Defendant waives and gives up all defenses based on
12  the statute of limitations, any claim of pre-indictment delay, or
13  any speedy trial claim with respect to any such action.

14  c)  Defendant agrees that: (i) any statements made by
15  defendant, under oath, at the guilty plea hearing (if such a hearing
16  occurred prior to the breach); (ii) the agreed to factual basis
17  statement in this agreement; and (iii) any evidence derived from
18  such statements, shall be admissible against defendant in any
19  action against defendant (including, but not limited to, in the
20  government's case-in-chief in the above-captioned case or any
21  related case), and defendant waives and gives up any claim under the
22  United States Constitution, any statute, Rule 410 of the Federal
23  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
24  Procedure, or any other federal rule, that the statements or any
25  evidence derived from the statements should be suppressed or are
26  inadmissible.

27  ## COURT AND PROBATION OFFICE NOT PARTIES

28  26.  Defendant understands that the Court and the United States

13

1  Probation Office are not parties to this agreement and need not
2  accept any of the USAO's sentencing recommendations or the parties'
3  agreements to facts or sentencing factors.

4      27.  Defendant understands that both defendant and the USAO are
5  free to: (a) supplement the facts by supplying relevant information
6  to the United States Probation Office and the Court, (b) correct any
7  and all factual misstatements relating to the Court's Sentencing
8  Guidelines calculations and determination of sentence, and (c) argue
9  on appeal and collateral review that the Court's Sentencing
10 Guidelines calculations and the sentence it chooses to impose are
11 not error, although each party agrees to maintain its view that the
12 calculations above are consistent with the facts of this case.
13 While this paragraph permits both the USAO and defendant to submit
14 full and complete factual information to the United States Probation
15 Office and the Court, even if that factual information may be viewed
16 as inconsistent with the facts agreed to in this agreement, this
17 paragraph does not affect defendant's and the USAO's obligations not
18 to contest the facts agreed to in this agreement.

19     28.  Defendant understands that even if the Court ignores any
20 sentencing recommendation, finds facts or reaches conclusions
21 different from those agreed to, and/or imposes any sentence up to
22 the maximum established by statute, defendant cannot, for that
23 reason, withdraw defendant's guilty plea, and defendant will remain
24 bound to fulfill all defendant's obligations under this agreement.
25 Defendant understands that no one -- not the prosecutor, defendant's
26 attorney, or the Court -- can make a binding prediction or promise
27 regarding the sentence defendant will receive, except that it will
28 be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

29.  Defendant understands that, except as set forth herein or in other signed written agreement(s) with the government, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in Court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED
UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EILEEN DECKER
United States Attorney


_____          9-27-16
J. MARK CHILDS                            Date
Assistant U.S. Attorney


_Jose Lopez_____        9-20-16
JOSE LUIS LOPEZ                           Date
Defendant


_____          9/20/16
DAVID ARREDONDO                           Date
Attorney for Defendant
JOSE LUIS LOPEZ

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Spanish, the language I understand best.  I have had enough time to review and consider this

15

1  agreement, and I have carefully and thoroughly discussed every part

2  of it with my attorney.  I understand the terms of this agreement,

3  and I voluntarily agree to those terms.  I have discussed the

4  evidence with my attorney, and my attorney has advised me of my

5  rights, of possible pretrial motions that might be filed, of

6  possible defenses that might be asserted either prior to or at

7  trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

8  of relevant Sentencing Guidelines provisions, and of the

9  consequences of entering into this agreement.  No promises,

10  inducements, or representations of any kind have been made to me

11  other than those contained in this agreement or in another signed

12  written agreement(s) with the government.  No one has threatened or

13  forced me in any way to enter into this agreement.  I am satisfied

14  with the representation of my attorney in this matter, and I am

15  pleading guilty because I am guilty of the charges and wish to take

16  advantage of the promises set forth in this agreement, and not for

17  any other reason.

18

19  _Jose Lopez_                    _9-20-16_

20  JOSE LUIS LOPEZ                  Date
    Defendant

21              CERTIFICATION OF INTERPRETER

22     I, _Carlos Arias_ , am fluent in the written and spoken

23  English and Spanish languages.  I accurately translated this entire

24  agreement from English into Spanish to defendant Jose Luis Lopez on

25  this date.

26

27  _____        _9/20/16_
    INTERPRETER                      Date

28

                        16

1

2               <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

3       I am JOSE LUIS LOPEZ's attorney.  I have carefully and

4   thoroughly discussed every part of this agreement with my client.

5   Further, I have fully advised my client of his rights, of possible

6   pretrial motions that might be filed, of possible defenses that

7   might be asserted either prior to or at trial, of the sentencing

8   factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

9   Guidelines provisions, and of the consequences of entering into this

10  agreement.  To my knowledge: no promises, inducements, or

11  representations of any kind have been made to my client other than

12  those contained in this agreement or in another signed written

13  agreement(s) with the government; no one has threatened or forced my

14  client in any way to enter into this agreement; my client's decision

15  to enter into this agreement is an informed and voluntary one; and

16  the factual basis set forth in this agreement is sufficient to

17  support my client's entry of a guilty plea pursuant to this

18  agreement.

19

20  _____        _9_/_20_/_16_____

21  DAVID ARREDONDO                          Date
    Attorney for Defendant
22  JOSE LUIS LOPEZ

23

24

25

26

27

28

                                17